**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-23190-BLOOM/Elfenbein**

UTOPIA YACHTING LLC, et al.,

Plaintiffs,

v.

ERIC WARD,

Defendant.
_________________________________/

**ORDER ON MOTION TO DISMISS ERIC WARD'S AMENDED COUNTERCLAIM**

**THIS CAUSE** is before the Court on Plaintiffs Utopia Yachting LLC ("Utopia"), and *M/Y Utopia IV*'s ("Plaintiffs") Motion to Dismiss Eric Ward's Amended Counterclaim, ECF No. [49] ("Motion"). Defendant Eric Ward filed a Response, ECF No. [62], to which Plaintiffs filed a Reply, ECF No. [68]. The Court has reviewed the Motion, Response, Reply, the record in this case, applicable law, and is otherwise fully advised. For the reasons below, Plaintiffs' Motion is granted.

## I. BACKGROUND

Plaintiffs filed a Second Amended Complaint seeking a declaratory judgment regarding the scope of Plaintiffs' obligations relating to a jury verdict entered in the case *Eric Ward v. M/Y Utopia IV, et al.*, Case No. 22-cv-23847 ("Underlying Case"). ECF No. [84]. Defendant filed an Answer, Affirmative Defenses, and Counterclaim Against Plaintiffs Second Amended Complaint, which realleges and expressly incorporates by reference his Amended Counterclaim, filed on March 20, 2026. *See* ECF No. [88] at 10. The Court cites to Defendant's Amended Counterclaim at ECF No. [36].

The Amended Counterclaim alleges that around December 13, 2021, Defendant worked as the Electro Technical Officer of the *M/Y Utopia IV*'s engineering department and was employed

by Utopia Yachting, LLC, which was his Jones Act employer. *Id.* ¶¶ 11-12. Defendant worked on a full-time rotational basis pursuant to a permanent employment contract entitling him to $5,800.00 per month. *Id.* On December 17, 2021, Defendant joined the *M/Y Utopia IV* as it departed from Miami for the Bahamas. *Id.* ¶ 13. On the night of December 23, 2021, *M/Y Utopia IV* collided with the *Tropical Breeze*, a gasoline tanker, off the coast of the Bahamas due to the Captain's negligence for exiting the bridge while the *M/Y Utopia IV* was navigating at night. *Id.* ¶ 15. Defendant was working on the Sky Lounge aft of the Bridge with the charter guests, assisting them in connecting to the Yacht's onboard entertainment systems. *Id.* ¶ 16. During the collision, Defendant was thrown off his feet and collided with a wall, causing his injuries. *Id.* ¶ 18. Defendant then assisted with rescue operations. *Id.* ¶ 19. The Captain failed to change the stabilizers, causing the *M/Y Utopia IV* to move in a rolling motion, which caused Defendant to severely injure his left foot and ankle. *Id.* ¶¶ 20-21. He received first aid until the *M/Y Utopia IV* arrived in the Bahamas and transported the crew to the local hospital. *Id.* ¶ 22. Defendant received basic treatment in the Bahamas and then traveled to the United States on December 26, 2021. *Id.* ¶ 24.

Defendant received further treatment and was diagnosed with severe injuries to his left ankle; multiple fractures of his left foot; injured nerves, tendons, and ligaments; Complex Regional Pain Syndrome; and a severe hip injury. *Id.* ¶¶ 26-27. Defendant also sought mental health treatment and was diagnosed with PTSD from the incident. *Id.* ¶ 28. Defendant initiated personal injury claims against Plaintiffs in the Underlying Case for negligence causing his injuries and for unpaid maintenance, cure, and wages. *Id.* ¶ 29.

In the Underlying Case, a jury found that Defendant was "injured while in service of the *M/Y Utopia IV*;" had "a contract (whether oral or written) for a specific period of employment" with Utopia while aboard *M/Y Utopia IV*; and Utopia and *M/Y Utopia IV* willfully and arbitrarily

failed and delayed paying cure and wages to Defendant between the incident and jury trial, imposing penalty damages. *Id.* ¶¶ 31-33. Plaintiffs have refused to pay Defendant's wages since the collision. *Id.* ¶ 34. The Amended Counterclaim alleges Defendant is owed unpaid wages from the date of trial until he reaches maximum medical improvement. *Id.* ¶ 35. To date, Defendant has not reached maximum medical improvement. *Id.* ¶ 26. Defendant attaches as exhibits a Crew Employment Agreement dated December 20, 2021, which is not signed by Defendant, ECF No. [36-1] ("Crew Employment Agreement"), and the April 17, 2025, Jury Verdict Form, ECF No. [36-2].

The Amended Counterclaim asserts one count against Plaintiffs for failure to provide prompt and adequate wages (Count I). ECF No. [36] at 6-7. Plaintiffs filed the instant Motion arguing that Defendant's Amended Counterclaim must be dismissed because it asserts a claim based on an interpretation of a jury verdict that is not supported by Defendant's exhibits or the trial record, and Defendant's claim for wages based on maximum cure inaccurately states the law. ECF No. [49] at 2. Defendant responds that he has pled all elements of a maintenance and cure claim to survive dismissal. ECF No. [62] at 5-6.

## II. LEGAL STANDARD

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014) (quoting *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10–cv–2568–T–33AEP, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, a pleading in any civil action must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although these standards do not require detailed factual allegations, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[O]nly a [counterclaim] that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To satisfy this "plausibility standard," a counter plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the [counter] defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). On a motion to dismiss, the court construes the complaint in the light most favorable to the counter plaintiff and takes the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). "The motion may be granted only if, viewing the pleaded facts in the light most favorable to the counter-claimant, no set of facts in support of the claim would entitle [the] counter-claimant[ ] to relief." *Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 308 (S.D. Fla. 2001). On a Rule 12(b)(6) motion, the movant bears the burden of showing entitlement to dismissal. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("It is the defendant's burden to establish the complaint's insufficiency.").

## III. DISCUSSION

Plaintiffs argue that Defendant's Amended Counterclaim fails as a matter of law because it depends on an interpretation of the jury verdict that is contradicted by the Amended Counterclaim's exhibits and the trial record. ECF No. [49] at 1-2. The Amended Counterclaim relies on the allegation that the jury found that the Crew Employment Agreement attached as Exhibit 1 to the Amended Counterclaim was the employment contract at issue in that case and the

written terms indicating a permanent employment duration and an income of $5,800.00/month govern. *Id.* at 5. That allegation contradicts the Jury Verdict Form attached as Exhibit 2 to the Amended Counterclaim, establishing that there was an oral or written contract, not that the Crew Employment Agreement at Exhibit 1 was the operative contract of Defendant's employment. *Id.* at 6. Plaintiffs argue Defendant's trial testimony in the Underlying Case confirms that conclusion. *Id.* There, Defendant testified under oath that he had an oral agreement, and the later-written draft was supposed to "memorialize" that oral understanding, but he testified that the written agreement did not reflect the agreed terms. *Id.* Plaintiffs contend that the Jury Verdict Form's award of $115,000 in unpaid wages and $0 in future net lost wage-earning capacity and benefits is incompatible with Defendant's claim to ongoing wages under the terms of the Crew Employment Agreement. *Id.* Moreover, Defendant's trial testimony confirms there was no meeting of the minds as to the written terms of the Crew Employment Agreement at Exhibit 1. *Id.* at 7. Count I also fails because it incorrectly equates maximum cure with indefinite wage duration, incorrectly stating the law. *Id.* at 8.

Defendant responds that his Amended Counterclaim and its exhibits sufficiently plead a plausible claim for relief. ECF No. [62] at 4-5. [1] Defendant argues he has pled all elements to prove maintenance and cure—he was employed by Utopia, he was injured in service of the vessel, he suffered injuries, he has not reached maximum medical improvement, and Plaintiffs have failed to

[1] Defendant argues that Plaintiffs' Motion is untimely because it was filed ten days after Plaintiffs' extended deadline to respond to the Amended Counterclaim. ECF No. [62] at 1. Plaintiffs respond that a Rule 12(b)(6) defense is not forfeited as Fed. R. Civ. P. 12(h)(2) permits that such a defense may be raised in a Rule 12(c) motion on the pleadings or at trial. *See* ECF No. [68] at 2. Therefore, Plaintiffs' arguments remain available on a Rule 12(c) motion, and they argue the Court should not postpone deciding the Motion where Defendant has not shown any prejudice from the filing delay. *Id.* Defendant also argues the Court should deny the Motion as moot because he filed a Motion for Summary Judgment on the merits of his Amended Counterclaim, which remains pending. ECF No. [62] at 2. Plaintiffs disagree that the Motion to Dismiss is moot and ask the Court to address the threshold legal defects apparent in the Amended Counterclaim. ECF No. [68]. The Court declines to deny the Motion based on untimeliness or mootness.

provide wages through the end of his permanent contract, under which he has not been terminated to date. *Id.* at 5-6. Defendant contends that Plaintiffs' challenges to the Crew Employment Agreement and calculating wages on a maximum medical improvement theory do not challenge the sufficiency of the pleading and are disputes suited for resolution at summary judgment. *Id.* at 7.

Plaintiffs reply that the Court is not required to accept legal conclusions, unreasonable inferences, or allegations contradicted by exhibits attached to the pleading. ECF No. [68] at 3. Plaintiffs reiterate their arguments that the Amended Counterclaim depends on conclusions unsupported by the Jury Verdict Form—that the unsigned Crew Employment Agreement is the governing employment contract and that the Verdict established a continuing wage obligation after trial. *Id.* The Jury Verdict Form does not support those conclusions because it does not determine whether "permanent" in the contract means indefinite post-trial wage payments and does not determine whether a $5,800/month salary provision continued after judgment until maximum medical improvement. *Id.* at 4. Plaintiffs further argue that Defendant's claim for wages until he reaches maximum medical improvement pursuant to an unsigned permanent contract is not supported by binding Eleventh Circuit precedent, and Defendant did not plead that his employment contract period extended beyond the verdict date to entitle him to post-trial wages. *Id.* at 6.

**A. Documents Considered on a Motion to Dismiss**

At the outset, the Court clarifies what documents it considers in ruling on Plaintiffs' Motion. In considering a Rule 12(b) motion to dismiss, the court is ordinarily limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). However, it is well-settled that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then

the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (noting that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered").

Here, the Court looks to the sufficiency of the allegations in the Amended Counterclaim and the attached exhibits—the Crew Employment Agreement and the Jury Verdict Form. Plaintiffs attach Defendant's trial testimony transcript to its Motion to Dismiss, ECF No. [49-1], and Defendant's deposition transcript to the Reply, ECF No. [68-1], and argue Defendant's testimony contradicts the factual allegations raised in his Amended Counterclaim. The Amended Counterclaim does not refer to Defendant's testimony during the Underlying Case. *See generally* ECF No. [36]. Accordingly, the Court does not consider the transcripts attached to Plaintiffs' Motion and Reply.

**B. Maintenance and Cure Claim**

Plaintiffs do not contest that Defendant pled that he worked as a seaman or that he was injured in service of the *M/Y Utopia IV*. *See* ECF No. [68] at 5. Plaintiffs argue that Defendant's post-trial wage claim is legally insufficient because it relies on the Crew Employment Agreement, which is not the operative employment agreement and—even assuming the Crew Employment Agreement governs—Defendant's wage claim is based on the incorrect legal premise that unearned wages under an unsigned "permanent" contract continue indefinitely until Defendant reaches maximum medical improvement. *Id.* Defendant responds that Plaintiffs' challenges to the validity of the Crew Employment Agreement and Defendant's theory of wage recovery based on

maximum medical improvement are not determined at the motion to dismiss stage. *See* ECF No. [62] at 7.

Under general maritime law, a party may "bring an action for 'maintenance and cure,' a remedy available to compensate seamen who fall ill or become injured during their employment. *Flores v. Carnival Cruise Lines*, 47 F.3d 1120, 1122–23 (11th Cir. 1995). "Maintenance and cure is a remedy with roots in the medieval sea codes; it is a remedy designed to protect seamen from the perils of living and working at sea." *Id.* To state a claim for maintenance and cure, the plaintiff must show: "(1) he worked as a seaman; (2) he became ill or injured while in the vessel's service; and (3) he lost wages or incurred expenditures relating to the treatment of the illness or injury." *Beeman v. F/V JUMA*, No. 8:21-CV-233-AAS, 2022 WL 1568337, at *1 (M.D. Fla. May 18, 2022).

Maintenance and cure includes three specific types of recovery: "(1) maintenance, which is a living allowance; (2) cure, which covers nursing and medical expenses; and (3) wages." *Flores*, 47 F.3d at 1122 (internal citations omitted; alterations adopted). Maintenance and cure extend until the seaman has reached "maximum cure." *See Nichols v. Barwick*, 792 F.2d 1520, 1523–24 (11th Cir. 1986). However, calculating unearned wages requires looking at the length of the voyage or the applicable contract period. If employment is not defined by the voyage and the employment contract extends for a definite time, wages are calculated through the end of the contract. *See Vickers v. Tumey*, 290 F.2d 426, 434 (5th Cir. 1961) ("If, however, the employment is for a period other than the voyage, such as on coastwise articles for six months or for a definite time, the end of the voyage concept does not apply and wages are due him for the period of employment." (internal citation omitted)); *see also Flores*, 47 F.3d at 1122 ("Unearned wages are measured from the time of the seaman's incapacity until the end of his employment contract." (citing *Archer v.*

*Trans/American Serv., Ltd.*, 834 F.2d 1570, 1575 (11th Cir. 1988))); *Barwick*, 792 F.2d at 1524 ("A seaman under contract for a year can collect a year's lost wages as part of maintenance. Otherwise, he is entitled to wages only to the end of the voyage." (internal citations omitted)).

Because unearned wages are measured via a seaman's employment contract, determining whether Defendant has alleged lost wages to state a maintenance and cure claim requires first looking to Defendant's employment contract. Defendant alleges that the Crew Employment Agreement is the governing employment contract between the parties and thus determines how wages are to be calculated. Taking all factual inferences in Defendant's favor, the Court disagrees with Plaintiffs that the Jury Verdict Form contradicts Defendant's assertion that the Crew Employment Agreement is the governing contract.[2] *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."). Where the Jury Verdict Form identifies that there exists an employment contract but does not identify the specific contract or the precise terms of the contract, the Jury Verdict Form does not clearly contradict Defendant's assertion that the Crew Employment Agreement is the governing contract. Accepting Defendant's factual allegations as true and making all factual inferences in Defendant's favor, the Court assumes as true that the Crew Employment Agreement is the governing employment contract.

The Court now turns to the terms of the Crew Employment Agreement to determine whether Defendant has stated a claim for lost wages. The Crew Employment Agreement is an

[2] Plaintiffs also cite to Defendant's testimony to support their position that the Crew Employment Agreement is not the governing employment contract. *See* ECF No. [49]. As explained above, the Court does not consider the transcripts at this stage of proceedings. Therefore, Plaintiffs' arguments that rely on Defendant's testimony raise a factual dispute to be resolved at summary judgment or trial, not on a motion to dismiss.

agreement "for a voyage or voyages worldwide for an indefinite period unless a Completion Date has been stated in this Agreement." *See* ECF No. [36-1] ¶ 1.7. The Completion Date states it is a "permanent" contract. *Id.* at 4. Therefore, Defendant's employment contract is for an indefinite period. When the contract period is indefinite, wages are only paid until the end of the voyage. *See Gheorghita v. Royal Caribbean Cruises, Ltd.*, 93 F. Supp. 2d 1237, 1243–44 (S.D. Fla. 2000) ("The period as to which unearned wages must be paid is determined by reference to the contractual relationship. When a seagoing employee has no contract or has a contract with no enforceable term of duration, she only is entitled to unearned wages from the time she becomes unfit for duty to the end of that voyage." (citing *Farrell v. U.S.*, 336 U.S. 511, 519–521 (1949))); *see also Martinez v. Star Fish & Oyster Co., Inc.*, 386 F. Supp 560, 564–65 (S.D. Ala. 1974) ("When a seaman is injured or becomes ill during the course of a voyage, the shipowner is obligated to pay his base wages for the balance of either the voyage or the period of employment or until he is fit for duty, whichever occurs first."). Defendant's assertion that lost wages under a permanent employment contract extend through maximum cure is not supported by the law. Therefore, because the Crew Employment Contract is for an indefinite period, wages are to be paid to the end of the voyage. However, the Amended Counterclaim does not allege the end date of the voyage on which he was injured.

Where the Amended Counterclaim does not allege that the voyage that began on December 17, 2021, has not yet concluded such that Defendant would be entitled to wages through today or that the voyage concluded after the April 17, 2025 trial verdict such that he would be entitled to post-trial wages, Defendant has not alleged facts to sustain his post-trial wage claim. Therefore, the Court concludes that, as a matter of law, Defendant has not alleged that he is entitled to lost

wages from the date of trial to present. Therefore, Count I of his Amended Counterclaim fails to state a claim.

**C. Leave to Amend**

Plaintiffs argue the Amended Counterclaim should be dismissed with prejudice because any amendment would be futile. ECF No. [49] at 9. Defendant does not respond to Plaintiffs' futility argument nor does Defendant request leave to amend. *See generally* ECF No. [62].

Dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits. *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). "An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (finding that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'")). "A district court may dismiss a complaint with prejudice where the plaintiff fails to request leave to amend, or where the complaint could not be more carefully drafted to state a valid claim." *Ounjian v Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023).

To state a claim for post-trial lost wages, Defendant must allege that either the voyage ended or his employment contract concluded after the April 17, 2025 trial date. Because the Crew Employment Agreement states it is an indefinite contract, amendment as to the contract end date would be futile. The Court finds it implausible that the December 2021 voyage continued beyond April 15, 2025, so amendment as to the voyage end date would also be futile. Moreover, Defendant did not request leave to amend his Amended Counterclaim. Therefore, the Court dismisses the Amended Counterclaim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion, **ECF No. [49]**, is **GRANTED**.
2. Defendant's Amended Counterclaim, **ECF No. [39]**, is **DISMISSED WITH PREJUDICE**.
3. Defendant's Motion for Summary Judgment in favor of his Amended Counterclaim, **ECF No. [58]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 27, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record